UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE SHEET METAL WORKERS'
LOCAL UNION NO. 80 PENSION TRUST FUND,

    Plaintiffs,

                                  Civil No. 10-12154
                                Hon. John Feikens

    v.

WINCHESTER LAND, L.L.C. and
WG HEATING, LLC,

    Defendants.
_____

## ORDER GRANTING JUDGMENT BY DEFAULT

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (Dkt. 15). Plaintiffs move for default judgment against Defendant Winchester Land L.L.C. and Defendant WG Heating LLC, jointly and severally, on the ground that default has been entered against these defendants for failure to answer or otherwise defend as to the Plaintiffs' Complaint.

### II. DISCUSSION

In a separate action, Plaintiffs obtained a judgment against W.G. Heating & Cooling Inc. ("WG Heating and Cooling") – which is not a party to this action. That judgment represents employer withdrawal liability pursuant to Section 4201(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1381(a), and additional damages arising therefrom. No payments have been made towards the judgment.

Through this action, Plaintiffs now seek to extend liability for the Judgment to two additional entities, Winchester Land, L.L.C. ("Winchester Land") and WG Heating LLC ("WG Heating").

According to Plaintiffs, Winchester Land is a trade or business under common control with the judgment-debtor, WG Heating and Cooling, and is therefore jointly and severally liable to Plaintiffs for the Judgment under 29 U.S.C. § 1301(b)(1). Plaintiffs also allege that WG Heating is liable on the Judgment under two theories: (1) WG Heating and Cooling is an alter ego/single-integrated enterprise/joint employer of or with WG Heating; and (2) assets were transferred from WG Heating and Cooling to WG Heating for the purpose of evading or avoiding ERISA employer-withdrawal liability, and those transfers should be set aside under 29 U.S.C. § 1392(c).

To date, Defendants have failed to respond to Plaintiffs' Complaint or otherwise defend this matter. Plaintiffs sought and obtained Clerk's entries of default against both Defendants on July 13, 2010. Thereafter, on July 16, 2010, Plaintiffs filed the instant motion for entry of a default judgment.

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). The entry of default admits the defaulting party's liability, but the plaintiff must prove the amount of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

Plaintiffs seek entry of a default judgment against Defendants for a sum certain, $52,196, representing the unsatisfied judgment previously entered against W.G. Heating & Cooling in a separate action. To establish this amount, Plaintiffs direct the Court to the December 31, 2008,

Judgment entered in case No. 07-15268, Dkt. No. 50, which the undersigned has reviewed and finds reasonable.[1]

I am satisfied that the Plaintiffs' claim is for a sum certain in the amount of $52,196, that Defendants in this matter are neither minors nor incompetent, and that Defendants have not appeared personally or by counsel. Fed. R. Civ. P. 55. I also find that an evidentiary hearing is not necessary to determine the amount of damages. *See Vesligaj*, 331 F. App'x at 354. Accordingly, pursuant to Fed. R. Civ. P. 55(b), I am required to enter the default judgment against Defendants, jointly and severally, in the amount of $52,196.00. *See Meyer v. City of Cincinnati,* 943 F.2d 52 (unpublished table decision), 1991 WL 165584, *3 (6th Cir. 1991).

Plaintiffs also have requested that I grant them leave to file a Motion for Amended Judgment incorporating additional damages under 29 U.S.C. §§ 1132(g)(2)(B) and (g)(2)(C) from August 1, 2008, and under 29 U.S.C. § 1132(g)(2)(D) from December 1, 2008. That request is GRANTED.

---

[1]Although Fed. R. Civ. P. 55 requires that a party seeking default present an affidavit verifying the sum certain sought for damages, this Court can take judicial notice of the contents of court records. *Lyons v. Stovall*, 188 F.3d 327, 333 n. 3 (6th Cir. 1999); Fed. R. Evid. 201 (c) (permitting a court to take judicial notice, whether requested or not); Fed. R. Evid. 201 (b)(2) (permitting a court to take judicial notice of a fact "capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned.").

## III. CONCLUSION

**IT IS ORDERED** that:

1) Judgment is entered in favor of Plaintiffs and against Defendants, Winchester Land, L.L.C. and WG Heating LLC, jointly and severally, in the amount of $52,196.00;[2] and

2) Plaintiffs may, within sixty (60) days of entry of this Judgment, move to amend the Judgment to include additional damages under 29 U.S.C. §§ 1132(g)(2)(B) and (g)(2)(C) from August 1, 2008, and § 1132(g)(2)(D) from December 1, 2008.

Date:  July 28, 2010              s/ John Feikens
                                  John Feikens
                                  United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on July 28, 2010, by U.S. first class mail or electronic means.

                    s/Carol Cohron
                    Case Manager

---

[2]This amount consists of A) the principal amount of $30,598.00; B) interest of $2,143.00 on the principal amount at the rate set forth at 29 CFR § 4219.32, as provided in ERISA Section 502(g)(2)(B) through July 30, 2008; C) an additional $2,143.00, as provided in Section 502(g)(2)(C)(I); and D) costs and attorneys' fees of $17,312.00 incurred by Plaintiffs through November 30, 2008, as provided in Section 502(g)(2)(D).